# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARDEEP SINGH,<br><br>        Petitioner,<br><br>   v.<br><br>ALBERTO GONZALES, et al.,<br><br>        Respondents. | 1:06-CV-01893 LJO NEW (DLB) HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #12]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

At the time of filing, Petitioner was in custody of the United States Bureau of Immigrations and Customs Enforcement ("ICE") at the Kern County Jail. In his petition, Petitioner claims ICE is detaining him in violation of the Constitution and statutory authority.

On March 29, 2007, Respondent filed a motion to dismiss the petition as moot. Respondent states Petitioner has been released on an order of supervision and therefore the petition has become moot. Respondent has provided a copy of the release notification dated March 29, 2007. Petitioner has not filed an opposition to the motion.

Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of

jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   May 16, 2007**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE